IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 09-1085 |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all other similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 09-1088 |

**CASE MANAGEMENT ORDER NO. 1 RE: DIRECT PURCHASERS**

AND NOW, this 3RD day of November, 2009, upon consideration of the proposals and presentations of the plaintiffs in Civil Action Nos. 09-1085 and 09-1088 (hereinafter "Direct Purchasers") at the initial conference held in these matters on October 19, 2009, IT IS HEREBY ORDERED AS FOLLOWS:

## I. CONSOLIDATION OF ACTIONS

1. Civil Action No. 09-1088 is consolidated with Civil Action No. 09-1085, the lead case captioned above. A notation shall be made on the docket of Civil Action No. 09-1088 of the entry of this Order. The Clerk of Court shall mark Civil Action No. 09-1088 administratively closed.

2. A Master Docket under Civil Action No. 09-1085 is hereby established for the Direct Purchasers' Class Action. All papers hereafter filed in the Direct Purchasers' Class Action shall be filed at Civil Action No. 09-1085 and bear a caption in the following form:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In Re: MIRAPEX DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | Civil Action No. 09-1085 |
|---|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) | [DOCUMENT TITLE] Hon. Gary L. Lancaster, Chief Judge. |

3. Each attorney for each and every Plaintiff and Defendant in each action composing the Direct Purchasers' Class Action shall sign up for ECF notification in the Direct Purchasers' Class Action within five (5) days of the entry of this Order. The Parties shall file and serve all papers in accordance with the ECF Procedures of this Court, unless papers are filed under seal.

## II. OPERATIVE COMPLAINT

4. The complaint filed in Civil Action No. 09-1085 is hereby designated as the operative complaint of the Direct Purchaser Plaintiffs.

5. Defendants' response to the Direct Purchasers' Class Action Complaint shall be filed by December 17, 2009.

## III. ORGANIZATION OF PLAINTIFFS' COUNSEL

6. To act on behalf of plaintiffs with responsibilities as set forth in paragraph 7, infra, the court designates:

   a. As Liaison Counsel:

>   David J. Manogue
>   Specter Specter Evans & Manogue, PC
>   The 26th Floor, Koppers Building
>   436 Seventh Avenue
>   Pittsburgh, PA  15219

   b. Pursuant to Fed.R.Civ.P. 23(g)(3), the court designates as Interim Co-Lead Counsel:

>   Linda P. Nussbaum
>   John D. Radice
>   Kaplan Fox & Kilsheimer LLP
>   850 Third Avenue, 14th Floor
>   New York, NY  10022
>
>   David F. Sorensen
>   Eric L. Cramer
>   Peter Kohn
>   Berger & Montague PC
>   1622 Locust Street
>   Philadelphia, PA  19103

   c. Reimbursement

If agreement cannot be reached on a method for periodically reimbursing attorneys for expenses incurred and paying them for services rendered as Interim Co-Lead Class Counsel or Liaison Counsel, the matter will be presented to the court for resolution.

 d. Time Records

Counsel who anticipate seeking an award of attorneys' fees from the court shall comply with the directives contained in paragraph 7, *infra*, regarding the maintenance of contemporaneous records reflecting the services performed and the expenses incurred.

 7. Responsibilities of Designated Counsel

  a. Plaintiffs' Liaison Counsel

Liaison Counsel is charged with performing on behalf of all plaintiffs administrative matters such as communications between the court and other counsel (including receiving and distributing notices, orders, motions and briefs), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions. Liaison counsel shall also maintain and distribute to co-counsel and defendants' counsel an up-to-date service list.

  b. Plaintiffs' Interim Co-Lead Class Counsel

Interim Co-Lead Class counsel shall have authority, after consultation with co-counsel as appropriate, over the

4

following matters on behalf of all plaintiffs in the Direct Purchasers' Class Action: (1) convening and conducting meetings of plaintiffs' counsel, including, to update and consult with them regarding the administration and prosecution of the Direct Purchasers' Class Action; (2) the initiation, response, scheduling, briefing and argument of all motions; (3) the scope, order and conduct of all discovery proceedings; (4) making such work assignments among themselves and other counsel as they may deem appropriate; (5) collecting time and expense reports from all plaintiffs' counsel on a periodic basis; (6) the selection and retention of experts; (7) designating attorneys to appear at hearings and conferences with the court; (8) the timing and substance of any settlement negotiations with defendants, as well as the decision whether or not to settle on behalf of the putative class; (9) the determination, allocation and distribution of attorneys' fees and reimbursement of costs between and among themselves and other counsel for plaintiffs in the Direct Purchasers' Class Action; and (10) all matters concerning the prosecution of the Direct Purchasers' Class Action, including strategy and division of labor.

  c. Privilege

No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

8. Authority of Interim Co-Lead Class Counsel and Liaison Counsel

Interim Co-Lead Class Counsel and Liaison Counsel shall have sole authority to communicate with defendants' counsel and the court on behalf of all plaintiffs in the Direct Purchasers' Class Action. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel and Liaison Counsel in the Direct Purchasers' Class Action, and such agreements shall be binding on all plaintiffs and their counsel in those respective actions.

## IV. LATER FILED CASES

9. The terms of this order, including pretrial consolidation, shall apply automatically to actions filed against defendants which are instituted in, removed to, or transferred to this court, including cases transferred for pretrial purposes under 28 U.S.C. § 1407, that allege violations of the Sherman Act, 15 U.S.C. §§ 1-2, the Clayton Act, 15 U.S.C. § 26, state antitrust laws and state consumer protection laws (hereinafter "Future Actions"). The Clerk of Courts shall, on his own initiative or upon notification by counsel: (a) make an appropriate entry in the Master Docket; and (b) deliver a copy of this Case Management Order No. 1 to the attorneys for the plaintiffs in the Future Action, and note same in the docket of the Future Action.

10. Objections to such consolidation, or other terms of this order, shall promptly be filed, with a copy served on Liaison Counsel for plaintiffs and defendants.

BY THE COURT:

_____, Chief J.

cc:   All Counsel of Record